IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAXXAS LP, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No.  2:14-cv-739 |
| v. | § |
| | § **JURY TRIAL DEMANDED** |
| NAMERO, LLC d/b/a REDCAT RACING, | § |
| | § |
| Defendant. | § |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Traxxas LP ("Traxxas"), for its Complaint against Namero, LLC d/b/a Redcat Racing, ("Namero"), hereby alleges as follows:

## THE PARTIES

1.  Plaintiff Traxxas is a corporation organized and existing under the laws of the State of Texas having its principal place of business at 6250 Traxxas Way, McKinney, TX 75070.

2.  Upon information and belief, Defendant Namero is a corporation organized and existing under the laws of the State of Arizona having its principal place of business at 23 W. Watkins St., Phoenix, Arizona 85003.  Namero may be served with process via its registered agent, Kurt D. Merschman, 6750 E. Camelback Road, Suite 100, Scottsdale, Arizona 85251.

3.  Upon information and belief, Defendant Namero, according to the Redcat Racing website (www.redcatracing.com), also has a place of business at 3145 E. Washington St., Pheonix, Arizona 85034.

## JURISDICTION AND VENUE

4.  This is an action for patent infringement under the patent laws of the United States of America, Title 35 of the United States Code and particularly 35 U.S.C. § 271, arising

from Namero's unauthorized manufacture, sale and/or offer for sale of various products, including, but not limited to, its Terremoto product, covered by, and prior to the expiration of U.S. Patent No. 7,793,951 ("the '951 patent"). The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a).

5. This court has personal jurisdiction over Namero at least under the Texas long arm statue and due process, because Namero has availed itself of the rights and benefits of this District by conducting business in this jurisdiction, including by promoting their products for sale via the internet, which are accessible to and accessed by residents of this District and selling their products in this District. The exercise of jurisdiction over Namero does not offend traditional notions of fair play and substantial justice and is proper.

6. Venue is proper in this District because Namero conducts business in this District, including providing and promoting products and services which are used, offered for sale, sold, imported into and have been purchased in Texas, including in this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §§1331, 1338(a), 1391(b), (c) and (d) and 1400(b).

## COUNT I
### (Infringement of the '951 Patent Under 35 U.S.C. § 271)

7. On September 14, 2010, United States Patent No. 7,793,951 ("the '951 patent) for "Integrated Center Point Steering Mechanism For A Model Vehicle" was duly and legally issued to Brent Whitfield Byers of Plano, Texas and Seralaathan Hariharesan of Flower Mound, Texas. All rights and interest in the '951 patent have been assigned to Traxxas LP of Plano, Texas. A copy of the '951 is attached hereto as Exhibit A.

8. Upon information and belief, Namero has infringed and continues to infringe the '951 patent. The infringing acts include at least the manufacture, sale and/or offer for sale of devices (including, for example and without limitation, the Terremoto 1/8 RTR product) that are

covered by one or more claims of the '951 patent. Namero is liable for infringement of the '951 patent pursuant to at least 35 U.S.C. § 271(a).

9. Namero's acts of infringement have caused damage to Traxxas and Traxxas is entitled to recover from Namero the damages sustained by Traxxas as a result of Namero's wrongful acts in an amount subject to proof at trial. Namero's infringement of the '951 patent continues to cause damage to Traxxas.

10. Namero's infringement of Traxxas' exclusive rights under the '951 patent will continue to damage Traxxas, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

11. Upon information and belief, Namero's infringement of the '951 patent has been and continues to be willful and deliberate. As a result, Traxxas is entitled to enhanced damages under 35 U.S.C. §284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully requests the following relief:

## PRAYER FOR RELIEF

WHEREFORE, Traxxas prays for judgment and seeks relief against Namero as follows:

a) For judgment that the claims of the '951 patent has been and/or continues to be infringed by Namero;

b) For an accounting of all damages sustained by Traxxas as a result of Namero's acts of infringement;

c) For actual damages together with prejudgment interest according to proof;

      d)       For enhanced damages pursuant to 35 U.S.C. § 284;

      e)       For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

      f)       For an injunction against Namero and their respective officers, agents, employers, and those acting in privity with them, from further infringement of the '951 patent, or in the alternative, awarding a royalty for post-judgment infringement;

      g)       For all costs of suit; and

      h)       For such other and further relief as the Court may deem just and proper.

Dated:  July 2, 2014

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
222 N. Fredonia Street
Longview, Texas  75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@bdavisfirm.com

**ATTORNEY FOR PLAINTIFF
TRAXXAS LP**